# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST SAINT LOUIS DIVISION

| | |
|---|---|
| JENNIFER MONKEN, | ) |
| | ) CASE NO.: |
| *Plaintiff*, | ) |
| | ) JUDGE: |
| v. | ) |
| | ) |
| COVENTRY HEALTH & LIFE INSURANCE COMPANY, | ) |
| | ) |
| *Defendant*. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Coventry Health and Life Insurance Company, improperly pled as Coventry Health & Life Insurance Company ("Coventry"), by its undersigned counsel, hereby removes this civil action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in which it is now pending, to the United States District Court for the Southern District of Illinois, East Saint Louis Division. In support of this Notice of Removal, Coventry states the following:

1. As set forth more fully below, removal is proper because this Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a). Coventry has timely filed its Notice of Removal. Venue is proper in this Court, and Coventry has satisfied the other procedural requirements for removal.

## BACKGROUND

2. This action was commenced in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois on or about April 20, 2018, bearing Case No. 2018-L-000520.

3. The suit arises out of a claim by Plaintiff Jennifer Monken ("Monken") that Coventry breached its contract of health insurance with Monken (Count I), and vexatiously refused to pay Monken's medical bills (Count II). *See* Ex. A, Complaint.

4. A civil cover sheet is attached as Exhibit B.

5. In connection with Count I, Monken demanded judgment in her favor in an amount in excess of $50,000.00 against Coventry. *Id.*

6. In connection with Count II, Monken claims she is entitled to attorneys' fees, costs of this action, and statutory penalties for vexatious refusal to pay pursuant to 215 ILCS 5/155. *Id.* For this Count, she also demands judgment in her favor in an amount in excess of $50,000.00 against Coventry. *Id.*

7. Coventry was served with the Complaint on May 10, 2018, through the Illinois Department of Insurance, pursuant to 215 ILCS 5/112. This statute provides that foreign or alien insurance companies (such as Coventry) "shall appoint and constitute the Director [of Insurance]…[as] the true and lawful attorney of such company upon whom all lawful process in any action or legal proceeding against it may be served." *See* 215 ILCS 5/112(1).

8. 215 ILCS 5/112(2) states that the Director, after receiving service of process on behalf of a foreign or alien company, shall forward a copy of such process to the company by certified or registered mail. Service pursuant to this section "shall not be complete until the copy thereof has been so mailed ***and received*** by the company, and the certified receipt or registry receipt shall be prima facie evidence of the completion of such service." *Id.* (emphasis added).

9. Coventry received a copy of the process sent by the Director in connection with the above-captioned matter on May 10, 2018. *See* Ex. C (Letter and Return Receipt).

10. Monken also filed a First Amended Complaint on May 16, 2018. *See* Ex. D.[1] The only change made in the First Amended Complaint is with respect to the description of Monken's medical condition in ¶ 3 thereto.

## LAW & ARGUMENT

I. This Court Has Original Jurisdiction Under 28 U.S.C. § 1332.

11. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12. Removal is proper here because this action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332(a), as it is a civil action between citizens of different States and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

13. Complete diversity of citizenship exists between the parties.

14. At all times relevant hereto, Monken is and was a citizen of the state of Illinois. She entered into a contract of insurance with Coventry for health insurance coverage in Madison County, Illinois. *See* Complaint, ¶ 1.

15. At all times relevant hereto, Coventry is and was a Missouri corporation with its principal place of business in Bethesda, Maryland. 28 U.S.C. § 1332(c) (corporation is "citizen" of both the state in which it was incorporated and its principal place of business).[2]

---

[1] A copy of the remaining state court pleadings are attached as Exhibit D.

[2] "[F]ederal courts have jurisdiction over actions by an insured against his or her own insurance company if the two are of diverse citizenship because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)." *See Kay-Woods v. Minnesota Life Ins. Co.*, No. 08-cv-0211, 2008 WL 2130432, at *1 (S.D. Ill. May 20, 2008) (quoting *Hindall v. Winterthur Intern.*, 337 F.3d 680, 683 (6th Cir. 2003)).

16. The amount in controversy also exceeds $75,000.00, exclusive of interest and costs.

17. First, Monken has requested damages in an amount in excess of $50,000.00 for Count I and an amount in excess of $50,000.00 for Count II – these total $100,000. *See* Ex. A, Complaint, at 2-3; *Smith v. Allied Servs., LLC*, No. 10-cv-0512-MJR-DGW, 2010 U.S. Dist. LEXIS 71450, at *2 (S.D. Ill. July 16, 2010) ("[I]t is the case, rather than a single count or claim, to which the $ 75,000 minimum applies…." citing, *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 548 (7th Cir. 2008)).

18. Second, in addition to her alleged damages in excess of $50,000.00, Monken seeks attorney's fees and statutory penalties for vexatious refusal to pay pursuant to 215 ILCS 5/155. *Id.*, Complaint, at 3; *see also* Affidavit (signed and submitted by Monken's attorney, Jane Unsell; stating that "it is my belief that the damages in this case are in excess of Fifty-Thousand Dollars ($50,000.00), but less than Seventy-Five Thousand Dollar ($75,000)."[3]

19. When a plaintiff seeks to recover attorney's fees, any such fees which are incurred on or before the date of removal "may properly be reckoned into the jurisdictional amount for diversity purposes." *In re Gen. Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, 2006 WL 2818773, *10 (S.D. Ill. Sept. 27, 2006). Undoubtedly, some amount of attorney's fees have already been incurred by Monken in connection with the preparation and filing of her pleadings, and the service of the same, which should be included in the amount in controversy calculus.

---

[3] The non-binding statement of Plaintiff counsel's belief does not defeat federal diversity jurisdiction or lower the amount in controversy. *Armstead v. Karteron*, No. 14-cv-0013-JPG-DGW, 2014 U.S. Dist. LEXIS 155462, at *4-5 (S.D. Ill. Nov. 3, 2014) ("Merely limiting a prayer for relief or attaching a non-binding affidavit does not lower the amount in controversy because, under both federal and Illinois rules, a prayer for relief or non-binding affidavit do not limit the awardable relief."); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (binding stipulation or binding affidavit disclaiming damages in excess of $75,000 is necessary to prevent removal).

4

20. Moreover, Monken has requested penalties under 215 ILCS 5/155. That statute provides that — in addition to reasonable attorney's fees and costs — a court may "allow as part of the taxable costs in the action…an amount not to exceed any one of the following amounts:

   a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

   b) $60,000;

   c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action."

21. The Seventh Circuit and this Court have recognized that the statutory penalties under 215 ILCS 5/155 should be added to the amount in controversy for jurisdictional purposes. *See Kay-Woods*, 2008 WL 2130432, at *1 (adding statutory penalties under 215 ILCS 5/155 to alleged damages amount to calculate amount in controversy for purposes of 28 U.S.C. § 1332); *Tremback v. MONY Life Ins. Co.*, No. 12-C-5901, 2013 WL 1849517, at *4 (N.D. Ill. May 1, 2013) (noting that the Seventh Circuit considers "§ 155's award of an 'amount not to exceed' one of the three specified amounts" to be "part of the amount in controversy…and we follow its approach").

22. Thus, under 215 ILCS 5/155, if Monken were to prevail on her claims, she could be awarded an additional $60,000.00 or 60% of the amount she is entitled to recover against Coventry (*i.e.,* 60% of the claimed damages allegedly exceeding $50,000.00, *i.e.,* at least $30,000.00). *See Kay-Woods*, 2008 WL 2130432, at *1. Adding either of those penalties ($60,000.00 or $30,000.00) to the damages sought by Monken (in excess of $50,000.00) results in an amount in controversy in excess of "$75,000, exclusive of interest and costs" for the purposes of § 1332(a). Further, as discussed above, some measure of attorney's fees should also be added to this amount.

23. The requirements for diversity jurisdiction under 28 U.S.C. § 1332 have therefore been met and removal is proper under 28 U.S.C. § 1441(a).

II. All Other Requirements For Removal Have Been Satisfied.

24. Coventry has also satisfied all of the other procedural and statutory requirements for removal.

25. This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt…of the initial pleading…to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Service on Coventry was completed on May 10, 2018. *See* 215 ILCS 5/112(2); Ex. C. This Notice is being filed on June 8, 2018. As such, Coventry has filed the Notice of Removal within less than 30 days of being served.

26. Removal to this Court is proper because the United States District Court for the Southern District of Illinois, East Saint Louis Division, is "the district and division embracing the place where [the state court] action is pending," *i.e.*, the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. 28 U.S.C. § 1441(a).

27. Finally, Coventry has satisfied all the other procedural requirements for removal. Pursuant to 28 U.S.C. § 1446, Coventry attaches hereto (as Exs. A-C) copies of "all process, pleadings, and orders served upon [Coventry]" in the state court proceeding. 28 U.S.C. § 1446(a).

28. Concurrent with the filing of this Notice of Removal, Coventry will file a Notice of Filing Notice of Removal with the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. 28 U.S.C. § 1446(d). Coventry also gives written notice to Plaintiff by serving copies of the Notice of Removal and the Notice of Filing Notice of Removal on her counsel contemporaneously with filing. *Id.*

## CONCLUSION

29.     Based on the foregoing, Coventry has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

30.     By filing this Notice of Removal, Coventry does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Coventry intends no admission of fact, law, liability, or objections by this Notice, and expressly reserves all defenses, objections, motions, and pleas.

WHEREFORE, the above-title action, currently pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, should be removed to the United States District Court for the Southern District of Illinois, East Saint Louis Division.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

*/s/ Robert F. Chandler*
Robert F. Chandler     IL #6273792
1010 Market Street, Suite 950
St. Louis, Missouri 63101
Telephone:   314-231-2925
Facsimile:   314 231-4857
chandler@bscr-law.com

*Attorneys for Defendant, Coventry Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of June, 2018, I served a copy of the foregoing via U.S. Mail, postage pre-paid, and email to:

Jane Unsell, Esq.
UNSELL, SCHATTNIK & PHILLIPS, P.C.
3 South 6th Street,
Wood River, Illinois 62095

*Attorney for Plaintiff*

/s/     Robert F. Chandler
***Attorneys for Defendant, Coventry Health and Life Insurance Company***